**BERRYMAN PRODUCTS, INC., et al.,**
**Appellants,**

v.

**Linda Faye PIERSON et vir, Appellees.**

**No. 4169.**

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

Rehearing Denied June 9, 1967.

Guittard, Henderson, Jones & Lewis, Victoria, Thomas S. Sligh, Jr., Dallas, for appellants.

Robert J. Seerden, Victoria, for appellees.

WALTER, Justice.

Linda Faye Pierson filed suit in Victoria County against Berryman Products, Inc. and Jack Lloyd for injuries to her right arm. Berryman and Lloyd filed pleas of privilege which were overruled.

Berryman has appealed. It contends there was no evidence that Jack Lloyd was acting in the course and scope of his employment so as to impute his negligence to the appellant.

Jack Lloyd testified substantially as follows: On March 19, 1964, I was employed as a salesman by Berryman Products, Inc. On such date I called on the Billingsly Auto Supply in Victoria. My duties with Berryman were to call on supply dealers who were customers of Berryman and assist them in calling on their customers. We called on some customers and then went to the Dobbs House for lunch. Part of my job was to get new business for the company.

Linda Faye testified substantially as follows: On March 19, 1964, I was employed at the Dobbs House as a waitress and cook. On that date I was cleaning around the charcoal grill. Mr. Lloyd asked me to try a chemical he had. Mr. Lloyd looked the grill over and said so long as there is no open flame it will be all right to use the chemical. I poured some of the cleaning fluid on the grill and it ignited and the flames burned my right arm and shoulder.

Mr. Clyde W. Berryman testified substantially as follows: I am manager and Vice President and part owner of Berryman Products. On March 1964 Jack Lloyd was one of our salesmen. His duties were to call on our accounts and outlets and open up new jobbers. Mr. Berryman asked:

"Q. All right, so, in other words, Mr. Lloyd was employed by your company as a salesman, and in that capacity he was to call upon a list of approximately fifty customers that you gave him, and also, if he could develop additional leads and additional clientele for your products, this was also required of him. And, he was required to make a weekly report to you of who he had called upon and the results of his calls, is that correct?"

He answered:

"A. That is correct."

We hold that the court was warranted in overruling the plea of privilege under exceptions 9a and 23 of Article 1995, Vernon's Ann.Civ.St., and affirm the judgment.